IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 26, 2010

## STATE OF TENNESSEE v. CRYSTAL G. BARNES

**Direct Appeal from the Circuit Court for Blount County**
**Nos. C-17216, C-17358      David R. Duggan, Judge**

---

**No. E2009-02290-CCA-R3-CD - Filed January 13, 2011**

---

The appellant, Crystal G. Barnes, was convicted of the promotion of methamphetamine manufacturing, possessing drug paraphernalia, and introducing drugs into a penal institution. The trial court imposed a total effective sentence of three years to be served on probation. Subsequently, the trial court revoked the appellant's probation and ordered her to serve six months in confinement before being released again on probation. On appeal, the appellant challenges the length of confinement ordered by the trial court. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee, and Mack Garner (at trial), Maryville, Tennessee, for the appellant, Crystal G. Barnes.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Andrew Watts, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

In March 2008, the appellant was indicted by the Blount County Grand Jury on one count of the promotion of methamphetamine manufacturing and one count of possession of drug paraphernalia. Thereafter, on July 7, 2008, the appellant was charged by information

with introducing drugs into a penal institution and pled guilty to the three outstanding charges. The plea agreement provided that the appellant, a standard Range I offender, would receive a sentence of three years for the introduction of drugs into a penal institution, two years for the promotion of methamphetamine manufacturing, and eleven months and twenty-nine days for the possession of drug paraphernalia. The plea agreement further provided that the sentences were to be served concurrently for a total effective sentence of three years, to be served on supervised probation.

On August 20, 2009, a probation revocation warrant was filed against the appellant, alleging that she had violated the terms of her probation by testing positive for methamphetamine, failing to pay court costs, and failing to obtain an alcohol and drug assessment.

On October 12, 2009, the trial court conducted a probation revocation hearing. At the hearing, Jada Tice testified that she had been the appellant's probation officer since April 2009 when the appellant's probation was transferred from Blount County to Anderson County. Tice said that the appellant attended all of the required meetings. However, on August 5, 2009, the appellant tested positive for methamphetamine. Tice said the appellant signed a form, admitting that she had used methamphetamine. Tice stated that the appellant had failed to make payments toward her court costs and had failed to obtain an alcohol and drug assessment.

The appellant testified that her probation was transferred from Blount County to Anderson County because her boyfriend was in jail and she was living with her mother who was providing her transportation. The appellant stated that she did not incur new charges during her probation, that she attended all required meetings with her probation officer, and that she was current on her probation fees. The appellant conceded that on one occasion she had gone out with friends who used drugs and that she used methamphetamine. The appellant maintained that while on probation, she used drugs only that one time. She explained that she had not paid her court costs because she was using her money to pay her probation fees and to get her driver's license back. The appellant said that at the time she violated her probation, she was living in Madisonville and had just obtained a job answering telephones at Finley's Garage. The appellant stated that on the day she was arrested for violating her probation, she had obtained the drug and alcohol assessment schedule and was supposed to report the next day to begin the assessment. The appellant conceded that she violated the terms of her probation but maintained that if she were given another probationary sentence, she would comply with all of the terms of her probation.

At the conclusion of the hearing, the trial court found that the appellant had violated the terms of her probation. Accordingly, the trial court revoked the appellant's probation and

ordered her to serve six months in confinement before being released on supervised probation. On appeal, the appellant concedes that she violated her probation but argues that the length of confinement is excessive.

## II. Analysis

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e) (2006); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In the alternative, "at the conclusion of a probation revocation hearing, the court shall have the authority to extend the defendant's period of probation supervision for any period not in excess of two (2) years." Tenn. Code Ann. § 40-35-308(c) (2003); see also State v. Hunter, 1 S.W.3d 643, 646 (Tenn. 1999). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

The appellant concedes that she violated the terms of her probationary sentence. Nevertheless, she maintains that the trial court erred in imposing a six-month term of confinement. However, it was within the trial court's authority to order the appellant to serve her original sentence upon revoking her probation. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Moreover, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362- CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). Accordingly, we conclude that the trial court did not err in ordering the appellant to serve six months in confinement.

## III. Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE